UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRIS D. SIMMS,** | ) | Case No. 1:05 CV 2033 (1:02 CR 80) |
| | ) | |
| Petitioner, | ) | **JUDGE KATHLEEN M. O'MALLEY** |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is <u>pro se</u> petitioner Chris D. Simms' ("Petitioner" or "Simms") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). Simms argues that: (1) his trial counsel rendered constitutionally ineffective assistance; (2) his appellate counsel rendered constitutionally ineffective assistance; and (3) the Court abused its discretion and violated his due process rights by permitting him to withdraw a plea of guilty. Respondent, United States of America ("the Government"), filed a response to Simms' petition. (Doc. 5). For the reasons stated below, Simms' motion is **DENIED** and this action is **DISMISSED**.

**I.    BACKGROUND**

With the assistance of his first court-appointed attorney, Simms entered into a tentative agreement to plead guilty and accept a sentence of sixty-six months of incarceration. A plea hearing was scheduled for August 20, 2002. At the plea hearing, however, Simms indicated that he did not want to go through with the change of plea. Instead, he requested new counsel with the understanding that the plea offer of sixty-six months incarceration would no longer be

available and plea negotiations would begin again at "ground zero." (Case No. 1:02CR080-KMO-6, Doc. 86 at 13).

On November 4, 2002, with the assistance of his second court-appointed attorney, Simms pleaded guilty to conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846, and using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Simms agreed with the government to a fixed sentence of ten years incarceration. The Court accepted his guilty plea and ordered the preparation of a presentence report. On Feb. 12, 2003, the day he was scheduled for sentencing, Simms moved to discharge his second attorney. The Court granted Simms' request for new counsel and his sentencing was continued.

On May 8, 2003, with the assistance of his third court-appointed attorney, Simms confirmed his guilty plea and his intention to be bound to a ten year term of incarceration. The Court sentenced Simms to fifty-four months on Count 1 and sixty months on Count 2.[1] (Case No. 1:02CR080-KMO-6, Doc. 158).

On May 20, 2003, Simms filed a timely notice of appeal. Simms' appellate counsel moved to withdraw and filed a "no merit" brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967) ("if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal."). Simms requested that his appellate counsel be discharged and substitute counsel be appointed to represent him. The Sixth Circuit Court of Appeals, after a review of the

---

[1] The Plea agreement stipulated to sixty months on Count 1, but the court gave Simms credit for six months time served in a related state case.

2

record, determined that "Simms pleaded guilty knowingly, intelligently, and voluntarily," granted his appellate counsel's motion to withdraw and denied Simms' request for appointment of new counsel.  United States v. Simms, 107 Fed. Appx. 566, 568-69 (6th Cir. 2004).  The Sixth Circuit Court of Appeals also found that Simms waived his right to appeal his sentence when he executed the plea agreement and "found no reversible error apparent from the record."  Id. at 569.

On August 22, 2005, Simms filed the instant motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence.

## II.     DISCUSSION

Simms' motion alleges that he is being held in violation of the Constitution for three reasons: (1) Simms claims that his third court-appointed attorney provided ineffective assistance of counsel because, after Simms rejected a plea offer of sixty-six months while being represented by his first attorney, his third attorney "was not aware of this offer and failed to investigate the petitioner's record."  (Doc. 1 at 5); (2) Simms claims that his appellate counsel provided ineffective assistance; and (3) Simms claims that his Fifth Amendment due process rights were violated because the Court "abused [its] discretion when the Court [withdrew Simms'] plea agreement of 66 months and did not find a 'fair and just reason'" pursuant to Fed. R. Crim. P. 11(d)(2)(B).  (Doc. 1 at 12).  After examining the parties' filings and reviewing the record, the Court finds Simms' claims to be without merit.

### A.     Standard of Review

A petitioner who moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the

3

sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

A petitioner seeking relief under § 2255 must allege that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. Pough v. United States, 442 F. 3d 959, 964 (6th Cir. 2006). The petitioner has the burden of sustaining his allegations by a preponderance of the evidence. Id. at 964. See also McQueen v. United States, 58 Fed. Appx. 73, 76 (6th Cir. 2003) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.") (citation omitted).

Generally, sentencing challenges must be made on direct appeal or they are waived and cannot be made for the first time in a § 2255 motion. Weinberger v. United States, 268 F. 3d 346, 351 (6th Cir. 2001). A federal defendant who fails to raise a sentencing challenge on direct appeal commits a procedural default as to that claim. See Bousley v. United States, 523 U.S. 614, 621 (1998). In order to obtain review of a procedurally defaulted claim in a § 2255 motion, a petitioner must either show cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation, or that he is actually innocent. Id. at 622. ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") (citation omitted).

The procedural default rule does not apply, however, to claims of ineffective assistance of counsel. Ineffective assistance of counsel claims are generally not reviewable on direct appeal

4

because the record may be inadequate to permit review. See United States v. Kincaide, 145 F. 3d 771, 785 (6th Cir. 1998) ("Unless the record on appeal is adequate to assess the merits of the defendants' allegations, we will not address an ineffective assistance of counsel claim raised for the first time on direct appeal."). A petitioner may raise an ineffective assistance of counsel claim for the first time in a § 2255 proceeding, despite the petitioner's failure to raise the claim on direct appeal. See United States v. Tucker, 90 F. 3d 1135, 1143 (6th Cir.1996); see also United States v. Allison, 59 F. 3d 43, 47 (6th Cir. 1995) ("and because the record has not been adequately developed, we will not consider the merits of [petitioner's] ineffective assistance of counsel claim on direct appeal. The district court is the better forum for initial review of this claim in a post-conviction proceeding pursuant to 28 U.S.C. § 2255.").

### B. Simms' Claim of Ineffective Assistance of Counsel

Simms' first claim is that his third court-appointed attorney provided ineffective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-prong test for analyzing claims of ineffective assistance of counsel. First, the petitioner must show that trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases because it fell below an objective standard of reasonableness. Id. at 687. Second, the petitioner must show that actual prejudice resulted from the counsel's deficient performance. Id. A court, however, "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

In the context of a guilty plea, the Strickland test applies with a minor *caveat*. The first prong of the test, demonstrating that trial counsel's performance fell below an objective standard

of reasonableness, remains the same. Hill v. Lockhart, 474 U.S. 52, 59 (1985). In order to satisfy the second prong of the test, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. An ineffective assistance of counsel argument fails if a petitioner does not argue that, but for his counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. See Belle v. United States, 142 F. 3d 431 (Table), No. 95-3843, 1998 WL 96553, at *5 (6th. Cir. Feb. 25, 1998) ("Thus, [petitioner's] ineffective-assistance argument fails, since he has not argued that he would not have pleaded guilty but for his counsel's alleged ineffectiveness. He is, therefore, bound by the plea agreement."); see also Nagi v. United States, 90 F. 3d 130, 135-36 (6th Cir. 1996) ("[petitioner] failed to argue that there was a reasonable probability that, but for his counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. . . .Hence, [petitioner] has not fulfilled the 'cause' requirement in order to excuse his procedural default.").

Simms' first argument is that he received ineffective assistance of counsel when his third court-appointed attorney "failed to advise petitioner to accept the plea bargain offer" of sixty-six months incarceration that was originally offered to Simms, when being represented by his first court-appointed attorney. (Doc. 1 at 5). He claims that, while being represented by his first counsel, he received a plea agreement offer of sixty-six months and that his third counsel "was not aware of this offer and failed to investigate the petitioner's record." (Doc. 1 at 5). He also claims that if his third court-appointed attorney would have investigated, "he would have realized that the Government offered petitioner a plea of 66 months and the district court accepted this plea agreement." (Doc. 1 at 6). He argues that, because of his third counsel's deficient

6

performance, he accepted a plea agreement of ten years incarceration and did not receive the benefit of his original offer for sixty-six months incarceration. (Doc. 1 at 7).

Simms must satisfy both prongs of the Strickland test in order to prevail on his claim of ineffective assistance of counsel by showing that: (1) his third attorney's failure to investigate the original plea bargain offer of sixty-six months incarceration, offered to Simms when he was represented by his first counsel, fell below an objective standard of reasonableness; and (2) but for his third counsel's failure to investigate the original plea agreement for sixty-six months incarceration, offered to Simms when he was represented by his first counsel, he would not have pleaded guilty. Simms' petition must be denied because he cannot satisfy either prong of the Strickland test.

### 1. Deficient Performance

The first prong of the Strickland test requires that Simms establish that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). The reviewing court is required to recognize that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgement." Id. at 690. In claiming ineffective assistance of counsel, the petitioner has a heavy burden of proof and must sustain his allegations by a preponderance of the evidence. See Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006) ("[petitioner] must prove his allegation that his lawyers were constitutionally ineffective by a preponderance of the evidence."); see also McQueen v. United States, 58 Fed. Appx. 73, 76 (6th Cir. 2003) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

7

Essentially, Simms argues that his third counsel was ineffective by failing to investigate and secure the government's original plea offer of sixty-six months and that "there is no indication that the Government [withdrew the offer] of 66 months." (Doc. 1 at 6). This argument is not supported by the record. The record indicates that Simms rejected the original plea offer of sixty-six months, while being represented by his first attorney, and was fully aware that the plea offer would no longer be available after he rejected it. The record also indicates that, upon rejecting the original plea offer, Simms chose to start plea negotiations over again "at ground zero." Simms rejected the offer at his first change of plea hearing on August 20, 2002. The following exchange took place at this hearing, while Mr. Simms was represented by his first counsel, Anthony Vegh:

> THE COURT        Okay. So I think you have to make a choice. You either go forward with new counsel, understanding that any plea negotiations start at ground zero and you start over again, or you decide to go forward with the plea with Mr. Vegh as your counsel, but the choice is yours. Do you want a few more minutes to discuss the issue with Mr. Vegh or not?
>
> THE DEFENDANT    No. I want to start all over.

(Case No. 1:02CR080-KMO-6, Doc. 86 at 13). In an affidavit submitted by Mr. Vegh, the first court-appointed attorney that represented Simms when he was given the first plea offer, he states the following:

> It was part of the plea agreement that my client would be sentenced to prison for five and a half years.
> I took this plea agreement to Mr. Simms and urged him to accept the offer. Mr. Simms indicated to me that he did not wish to plead guilty and refused to accept the offer. Shortly thereafter Mr. Simms asked the court to appoint a different counsel in my place and my involvement in the case was terminated. (Doc 5 at Ex. A).

8

After being fully informed that the plea offer would no longer be available if he rejected it, Simms chose to "go forward with new counsel, understanding that any plea negotiations start at ground zero and [he would] start over again." (Case No. 1:02CR080-KMO-6, Doc. 86 at 13).

Simms' claim fails under the first prong of the Strickland test because he has not established by a preponderance of the evidence that his third court-appointed attorney's actions fell below an objective standard of reasonableness. Simms argues that his third attorney provided ineffective assistance because his attorney failed to investigate and discover that the government's original plea offer was still available. The record indicates, however, that the plea offer was not available. At the time his third attorney was appointed, not only had Simms' rejected the plea offer of sixty-six months incarceration, he had already entered a guilty plea and accepted a second plea offer for a specific term of ten years imprisonment. He entered the guilty plea and agreed to the specific term of ten years imprisonment with the assistance of his second attorney, who was fully aware of the first plea and its withdrawal. It was not until sentencing, after rejecting the first plea offer, accepting the second plea offer, and entering a plea of guilty, that Simms moved to discharge his second attorney in order to consider whether or not he should seek to withdraw his guilty plea. Simms decided not to withdraw his guilty plea and, with the assistance of his third attorney, he confirmed that his decision to plead guilty was made knowingly, intelligently and voluntarily and he reconfirmed his commitment to a specific term of ten years incarceration. Accordingly, Simms has failed to establish by a preponderance of the evidence that his third attorney's actions fell below an objective standard of reasonableness.

**2.     Prejudice**

Even if Simms could satisfy the first prong of the Strickland test by establishing that

9

Simms' third attorney performed deficiently, his claim would still fail because he is unable to satisfy the prejudice requirement of the second prong of the Strickland test. The second prong of the Strickland test, in the context of a plea agreement, requires that Simms "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). It is not sufficient for a petitioner to argue that he wound up with a less favorable plea or sentence than he otherwise would have accepted with the advice of competent counsel. See Short v. United States, 471 F. 3d 686, 696-97 (6th. Cir. 2006) ("the petitioner's claim of prejudice rests upon an assertion that he wound up with a less favorable plea or sentence then he otherwise would have accepted with the advice of competent counsel. Such a claim is insufficient to establish actual prejudice.") (citation omitted).

  Nowhere in Simms' motion does he suggest that, but for his third attorney's failure to investigate the offer that he previously rejected, he would have gone to trial. In fact, in his motion, he states that, "petitioner maintains that the petitioner would have ACCEPTED the plea from the Government for 66 months." (Doc. 1 at 5). Simms failure to argue that he would not have pleaded guilty but for his counsel's alleged ineffectiveness, therefore, requires denial of his 2255 motion. See Belle v. United States, 142 F. 3d 431 (Table), No. 95-3843, 1998 WL 96553, at *5 (6th Cir. Feb. 25, 1998) ("[petitioner's] ineffective-assistance argument fails, since he has not argued that he would not have pleaded guilty but for his counsel's alleged ineffectiveness. He is, therefore, bound by the plea agreement."); see also Nagi v. United States, 90 F. 3d 130, 135-36 (6th Cir. 1996) ("[petitioner] failed to argue that there was a reasonable probability that, but for his counsel's alleged errors, he would not have plead guilty and would have insisted on

10

going to trial . . . Hence, [petitioner] has not fulfilled the 'cause' requirement in order to excuse his procedural default."); Hunter v. United States, 160 F. 3d 1109, 1115 (6th Cir. 1998) (holding that the defendant could not "satisfy the prejudice prong in the absence of any statement that he is actually innocent, or would have gone to trial if his attorney's performance had been different."). Simms did not argue that there was a reasonable probability that, but for his counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Accordingly, his ineffective assistance of trial counsel claim must be dismissed.

    **C.    Simms' Claim of Ineffective Assistance of Appellate Counsel**

Simms' second claim is that he was denied the effective assistance of appellate counsel. Defendants raising claims of ineffective assistance of appellate counsel also must meet the two-prong Strickland test. Valentine v. United States, 488 F. 3d 325, 338 (6th Cir. 2007). With claims of ineffective assistance of appellate counsel, however, the court first must assess the strength of the claim appellate counsel failed to raise. Id. Appellant counsel's failure to raise an issue on appeal "could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." McFarland v. Yukins, 356 F. 3d 688, 699 (6th Cir. 2004). Appellate counsel's filing of an Anders brief does not by itself constitute ineffective assistance of counsel. See U.S. v. Dumersier, 19 F. 3d 20 (Table), No. 92-4293, 1994 WL 88848, at *3 (6th Cir. March 18, 1994) ("The filing of an Anders brief does not by itself constitute ineffective assistance of counsel."); see also McCoy v. Court of Appeals of Wis., 486 U.S. 429, 442 (1988) ("the Anders brief is designed to assure the court that the indigent defendant's constitutional rights have not been violated.").

Simms asserts that he received "ineffective assistance of appellate counsel" but does not

11

identify the issues that he contends should have been raised on direct appeal.[2] (Doc. 1 at 10).

Simms' appellate counsel moved to withdraw and filed a "no merit" brief pursuant to Anders v. California, 386 U.S. 738 (1967). He submitted the following issue for review: "whether the district court erred by not informing Simms that the latter had no right to appeal the agreed sentence." U.S. v. Simms, 107 Fed. Appx. 566, 568 (6th Cir. 2004). Simms filed a letter with the court requesting that his appellate counsel be discharged and substitute counsel be appointed to represent him. Id. The Sixth Circuit Court of Appeals denied Simms' motion for appointment of new counsel, determined that this court had adequately informed Simms of his appellate rights, and granted his appellate counsel's motion to withdraw. Id. at 569. In addition, the Sixth Circuit Court of Appeals examined the record in the case and "found no reversible error apparent from the record." Id. There is no indication that Simms' appellate counsel failed to raise relevant issues or that the inclusion of any issues not raised would have changed the result of the appeal. Consequently, the Court finds Simms' claim of ineffective assistance of appellate counsel to be without merit.

    **D.    Simms' Due Process Violation Claim**

Simms' third claim is that the Court violated his due process rights under the Fifth Amendment and "abused it[s] discretion when the Court [withdrew] the petitioner['s] plea agreement of 66 months and did not find a 'fair and just reason' . . ." pursuant to Fed. R. of Crim. P. 11 (d) (2) (B). (Doc 1 at 12). Simms admits that he did not raise these issues on direct appeal. (Doc. 1 at 11). Because Simms' counsel did not provide ineffective assistance, he

---

[2]     Indeed, Simms merely asserts that his appellate counsel provided ineffective assistance and does not present any arguments in support of his claim.

cannot establish cause for his procedural default of these claims. Moreover, because Simms entered a guilty plea, there is nothing to suggest that he was actually innocent. Accordingly, Simms' claim that his due process rights were violated is procedurally defaulted. Even if his procedural default was excused, however, the Court finds this claim to be without merit for two reasons: (1) Simms entered a plea of guilty and, therefore, may not raise claims about non-jurisdictional defects in the proceedings that occurred prior to the entry of the guilty plea; and (2) the claim is factually incorrect and unsupported by the record. "A voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings." United States v. Ormsby, 252 F. 3d 844, 848 (6th Cir. 2001). A defendant may, with approval of the court and consent from the government, enter a conditional plea of guilty and, in writing, preserve any collateral issues to review on appeal from the judgement. Id. In this case, however, Simms entered a guilty plea and did not preserve any collateral issues for review. A guilty plea breaks the chain of events which precedes it and, after entering a plea of guilty, a criminal defendant "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Upon review of the record, the Sixth Circuit Court of Appeals found that Simms entered his guilty plea knowingly, intelligently and voluntarily and found no reversible error apparent from the record. U.S. v. Simms, 107 Fed. Appx. 566, 569 (6th Cir. 2004). Accordingly, the Court finds the claim that his due process rights were violated prior to the entry of that plea to be without merit.

Assuming, arguendo, that Simms' claim was properly raised, the claim is without merit because it is factually incorrect. Simms argues that the District Court abused its discretion and

violated his Fifth Amendment right to due process when the Court withdrew "the plea without finding a 'fair and just reason' to do so and this violated Fed. R. Crim P. 11(d)(2)(B), because the Court did not show that the petitioner had a 'fair and just reason' to withdraw." (Doc. 1 at 13). Simms further claims that "the record show[s] that the petitioner went through the first plea hearing and accepted the plea of 66 months and was satisfied with the 66 months, but was not comfortable with counsel at that time, not with the plea of 66 months." (Doc. 1 at 12). The Court did not withdraw the plea of sixty-six months. Rather, the government withdrew the offer after Simms decided to reject the offer and not go forward with his original plea agreement. The relevant portions of the transcript of the first plea hearing are as follows:

> THE COURT: All right. Mr. Simms, I was informed that you were intending to enter a change of plea today pursuant to a plea agreement entered into between you and the government, or at least tentatively agreed to between you and the government. Is it my understanding that you do not wish to go forward with the change of plea today?
>
> THE DEFENDANT No, I don't want to go forward.
>
> THE COURT You do not want a change of plea.
>
> THE DEFENDANT: No
>
> THE COURT: Do you understand that it is the government's position that if you do not go forward with the change of plea today, that the plea agreement, the plea deal that's been offered to you, will be off the table?
>
> THE DEFENDANT Yes

(Case No. 1:02CR080-KMO-6, Doc. 86 at 2-3). The record indicates, contrary to Simms' assertions, that the Court did not withdraw a guilty plea pursuant to Fed. R. Crim. P. 11(d)(2)(B). Instead, Simms rejected the plea offer of sixty-six months incarceration. Accordingly, the Court

14

finds Simms' claim, that his due process rights were violated, to be without merit because it is procedurally defaulted, improperly raised and factually incorrect.

### III. CONCLUSION

As noted, Simms rests his motion primarily on his assertion that he pleaded guilty in the first plea hearing pursuant to a plea agreement with the Government for sixty-six months incarceration. At times, he argues that there is no evidence that this guilty plea was withdrawn and, at other times, he claims that the guilty plea was improperly withdrawn. In support of his assertion that he entered a guilty plea while being represented by Mr. Vegh that was never properly withdrawn, Simms references a portion of the transcript of his hearing on May 8, 2003. The portion of the transcript that Simms references is the Court's summary of the background of the case, including a very brief summary of the plea hearing held on August 20, 2002, when Simms was represented by Mr. Vegh. A review of the entire record, including the full transcript of the plea hearing held on August 20, 2002, however, indicates that Simms' assertion is incorrect. The complete record demonstrates that Simms had reached a tentative plea agreement with the Government and had expressed an intention to enter a plea of guilty but, at the hearing on August 20, 2002, Simms decided not to go forward with his plea. (Doc. 1 at 13). The record also reflects that Simms was aware that, after deciding not to go forward with his plea, the plea offer of sixty-six months would not longer be available.

As noted above, moreover, even assuming, <u>arguendo</u>, that Simms' assertions were correct, his claims fail. His first claim, that his third court-appointed attorney provided ineffective assistance of counsel, would fail under the second prong of the <u>Strickland</u> test because Simms does not argue that, but for ineffective assistance of counsel, he would not have pleaded guilty.

15

His second claim, that his appellate counsel rendered ineffective assistance, fails because there is no indication that Simms' appellate counsel failed to raise relevant issues, or that the inclusion of any issues not raised would have changed the result of the appeal. Finally, his third claim, that his guilty plea was improperly withdrawn by the Court, fails on multiple grounds.

Where, as here, "a § 2255 motion and the files and records of the case conclusively show that the moving party is entitled to no relief, the court is not required to serve notice of the motion on the United States attorney, and no hearing of any kind is required." Green v. United States, 65 F. 3d 546, 548 (6th Cir. 1995). The Court only conducts a hearing to resolve a disputed issue of material fact that is essential to the Court's judgment of the motion. Because it is plain from Simms' motion that his claims are entirely without merit, no hearing is required.

For the foregoing reasons, Simms' motion is **DENIED** and this action is **DISMISSED**. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith. Further, the Court will not issue a certificate of appealability in this case because Simms has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                        s/Kathleen M. O'Malley
                                        **KATHLEEN McDONALD O'MALLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**Dated: July 22, 2008**